**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-50443**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHARLES COOK,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(USDC No. P-96-CA-51)**

February 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Cook appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. His motion for leave to file his reply brief out of time is **GRANTED**.

Cook contends that he was denied his constitutional right to trial by jury and that the district court erred by failing to appoint counsel to represent him at the evidentiary hearing on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255 motion.  The district court granted Cook a certificate of appealability only as to the right to trial by jury issue.

Cook has failed to demonstrate cause for his failure to raise his jury-trial claim on direct appeal or any actual prejudice resulting therefrom.  Accordingly, he is procedurally barred from raising this claim on collateral review.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992).

Because Cook's failure to appoint counsel claim was not specified for review in the district court's order granting a certificate of appealability, it not reviewable by this court. *Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

For the foregoing reasons, the judgment is

*AFFIRMED.*